IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY PETERSON | § | |
| | § | |
| V. | § | A-09-CA-855-LY |
| | § | [1:07-CR-121-(01) LY] |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Movant's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (Clerk's Doc. No. 30) filed November 30, 2009; and the Government's Response (Clerk's Doc. No. 34) filed January 12, 2010. To date, Movant has not filed a Reply. The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I. BACKGROUND**

On June 19, 2007, Movant Michael Anthony Peterson ("Peterson") was charged in a one-count indictment with possession with intent to distribute more than 100 grams of a mixture or substance containing a detectable amount of phencyclidine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On August 2, 2007, Peterson entered a plea of guilty to the indictment. There was no plea agreement in this case. On October 11, 2007, the District Court sentenced Peterson to a 188-month term of imprisonment, followed by a four-year term of supervised release, and ordered that Peterson pay a $100 mandatory assessment fee. On

November 5, 2007, an amended judgment and commitment order was filed reducing Peterson's term of imprisonment to 120 months. A direct appeal was not taken in this case. On November 17, 2009, Peterson filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

In his motion, Peterson claims that: (1) he is entitled to relief pursuant to *Arizona v. Gant*, 129 S.Ct. 1710 (2009); and (2) his counsel provided ineffective assistance by failing to file a pretrial motion to suppress evidence of an illegal search and seizure. Peterson requests a full evidentiary hearing.

## II.  STANDARD OF REVIEW

Under § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). Finally, it should be noted that a defendant may waive his statutory right to appeal his sentence including filing a §

2255 motion, if the waiver is knowing and voluntary. *Untied States v. McKinney*, 406 F.3d 744, 746 (2005).

### III.  ANALYSIS

Movant alleges that he is entitled to relief pursuant to 28 U.S.C. § 2255.  The Government argues that Movant's claims are time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on § 2255 motions.  *See United States v. Riggs*, 314 F.3d 796, 798 (5th Cir. 2002).  Section 2255 provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A judgment becomes final upon expiration of the time during which the defendant may file notice of an appeal, regardless of whether the defendant actually files such notice. *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000).  The district court entered an amended judgment and commitment order.  Under F.R.A.P. 4, Movant had ten days to file an appeal of the judgment, and

he declined to do so.  Movant's judgment of conviction became final on November 15, 2007, ten days after the district court executed judgment in his case.  Consequently, his deadline to file a petition pursuant to § 2255 was November 15, 2008.  Movant filed his Motion to Vacate on November 30, 2009 – over a year past the deadline.  Therefore, the Court finds that his Motion to Vacate must be dismissed as time-barred.

Movant tries to overcome this bar by arguing that the case *Arizona v. Gant*, --- U.S. ----, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), decided on April 21, 2009, contains a newly recognized right made retroactively applicable to cases on collateral review.  In *Gant,* the Supreme Court held that a search of a vehicle incident to a recent occupant's arrest is permissible only when the arrested person is unsecured and within reaching distance of the passenger compartment at the time of the search.

However, this case has not in fact been made retroactive to cases on collateral review. *See United States v. Brown*, 2009 WL 1605634 (D. S.C. June 5, 2009) ("The United States Supreme Court has not made *Gant* retroactive to cases on collateral review.  [A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.")  Thus Movant's claim is time-barred and he is not entitled to an evidentiary hearing.  Movant's Motion to Vacate should be dismissed.

### III.  RECOMMENDATION

Based on the above, the Court **RECOMMENDS** that the District Court **DENY** Michael Anthony Peterson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Clerk's Doc. No. 30) **WITH PREJUDICE.**

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c) (1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of June, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE